UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00072-TBR

DEBBIE DODDS                                                                                            PLAINTIFF

v.

PELLA CORPORATION                                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant's Motion to Dismiss (Docket #8). Plaintiff has responded (Docket #10). Defendant has replied (Docket #12). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

**BACKGROUND**

Plaintiff Debbie Dodds was employed by Defendant Pella Corporation from April 21, 2003 until July 28, 2008. During the course of her employment, Plaintiff became disabled. She alleges that as part of her employment with Defendant she was entitled to receive disability benefits pursuant to Defendant's Short & Long Term Disability Plan ("the Plan").

On April 7, 2008, Plaintiff submitted a completed disability application form to Defendant. Plaintiff alleges that shortly thereafter, Defendant informed her that it was having difficulties obtaining from her treating physician the medical records necessary to process her claim. Plaintiff alleges that Defendant then advised her to file another application form supported by the statement of another of her treating physicians.

On May 29, 2008, Plaintiff filed another disability application form with Defendant. Her claim was denied on July 1, 2008. The disability denial form issued to Plaintiff by Defendant stated that she was denied benefits because her claim was not covered under the Plan's general exclusions provision. Specifically, the denial form provided that "[t]he plan will not pay benefits

with respect to any Disability that: #9 - is supported only with subjective symptoms which are based on self-reported symptoms and are not verifiable using objective medical tests and procedures."

In September 2008, Plaintiff appealed the denial of benefits.  Her appeal was denied on October 3, 2008.  This time, however, Plaintiff alleges that Defendant explained that she was denied benefits because her May 29, 2008 application form was not timely filed.

In her complaint, Plaintiff alleges that Defendant wrongfully faulted her for filing the second disability application form.  Plaintiff maintains that she complied with all conditions precedent to receive payment of benefits under the Plan, and that Defendant's handling of her claim amounts to fraud.  Defendant now moves for dismissal, arguing that Plaintiff's state law fraud claim is preempted under the Employee Retirement Income Securities Act ("ERISA").

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  "A district court need not, however, accept as true legal conclusions or unwarranted factual inferences."  *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th Cir. 2008) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir.2006)).

The Supreme Court's decision in *Bell Atlantic Corporation v. Twombly* clarified the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss.  *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  *Twombly* does not

"require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965.

Generally, matters outside the pleadings may not be considered in ruling on a motion to dismiss.  *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  However, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.  *Id.* at 89 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Accordingly, the Court will consider several documents attached with Plaintiff's pleadings, including a copy of the Plan, Plaintiff's two disability application forms, Defendant's disability denial form, and two letters written by Plaintiff to Defendant regarding the appeal of her denial of benefits, in ruling on Defendant's motion to dismiss.

## ANALYSIS

ERISA governs employer established or maintained "employee welfare benefit plans" that, among other things, provide benefits in the event of sickness, accident, disability, or death through the purchase of insurance.  29 U.S.C. § 1002(1).  Defendant argues that the Plan is a welfare benefits plan governed by ERISA.  The Plan states that it was established by Defendant for the exclusive benefit of its employees and is governed by ERISA.  Plaintiff does not dispute that the Plan is governed by ERISA.

Defendant understands Plaintiff's pleadings to allege a fraud claim under state law.

Defendant argues that because ERISA expressly preempts state law, Plaintiff's claim must be dismissed because any benefits allegedly due under the Plan must be recovered under ERISA, not state law. Plaintiff responds that her pleadings do not allege a fraud claim under state law. Instead, Plaintiff argues that her pleadings merely assert a claim for benefits under the Plan.

ERISA is a "comprehensive and reticulated statute," *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361-62 (1980), with "deliberately expansive" preemption provisions. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). The Sixth Circuit has "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Central States, Southeast & Southwest Areas Pension Fund v. Mahoning Nat. Bank*, 112 F.3d 252, 255 (6th Cir. 1997) (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)).

Originally, Plaintiff filed her pleadings in state court. Defendant then removed the action to federal court. Plaintiff fails to identify her specific cause of action in her pleadings. Plaintiff alleges that "Defendant's handling of [her disability] claim amounts to a fraud upon Plaintiff" and requests judgment "against Defendant in a sum in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court for the benefits due under the Pella Short & Long Term Disability Plans." The pleadings cite neither federal, nor state law.

Although Plaintiff does not clarify in her response specifically what cause of action she alleges in her pleadings, the Court understands Plaintiff's pleadings to state a claim for wrongful denial of disability benefits under 29 U.S.C. § 1132(a)(1)(B).[1] Plaintiff's pleadings provide

---

[1] Section 1132(a)(1)(B) creates a civil cause of action under ERISA to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify one's rights to future benefits under the terms of a plan.

4

enough facts to put Defendant on notice that Plaintiff challenges Defendant's denial of her benefits. Defendant is correct that Plaintiff fails to identify what terms of the Plan she relies on in making her claim. However, at this early stage in the litigation, the Court does not find this flaw to be fatal. The Court finds that Plaintiff's pleadings state a claim for wrongful denial of benefits under ERISA, which negates the need for preemption analysis. Therefore, Defendant's motion is moot.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

An appropriate order shall issue.