UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00072-TBR

**DEBBIE DOBBS**                                                                             **PLAINTIFF**

**v.**

**PELLA CORPORATION**                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Planitff, Debbie Dodds', Motion to Conduct Discovery (Docket #17). The Defendant, Pella Corporation, has filed a response (Docket # 18). The Plaintiff has filed no reply. This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Conduct Discovery is GRANTED.

**BACKGROUND**

Plaintiff Debbie Dodds was employed by Defendant Pella Corporation from April 21, 2003 until July 28, 2008. During the course of her employment, Plaintiff became disabled. She alleges that as part of her employment with Defendant she was entitled to receive disability benefits pursuant to Defendant's Short & Long Term Disability Plan ("the Plan").

On April 7, 2008, Plaintiff submitted a completed disability application form to Defendant. Plaintiff alleges that shortly thereafter, Defendant informed her that it was having difficulties obtaining from her treating physician the medical records necessary to process her claim. Plaintiff alleges that Defendant then advised her to file another application form supported by the statement of another of her treating physicians.

On May 29, 2008, Plaintiff filed another disability application form with Defendant. Her

claim was denied on July 1, 2008. The disability denial form issued to Plaintiff by Defendant stated that she was denied benefits because her claim was not covered under the Plan's general exclusions provision. Specifically, the denial form provided that "[t]he plan will not pay benefits with respect to any Disability that: #9 - is supported only with subjective symptoms which are based on self-reported symptoms and are not verifiable using objective medical tests and procedures."

In September 2008, Plaintiff appealed the denial of benefits. Her appeal was denied on October 3, 2008. This time, however, Plaintiff alleges that Defendant explained that she was denied benefits because her May 29, 2008 application form was not timely filed.

In her complaint, Plaintiff alleges that Defendant wrongfully faulted her for filing the second disability application form. Plaintiff maintains that she complied with all conditions precedent to receive payment of benefits under the Plan, and that Defendant's handling of her claim amounts to fraud. The Plaintiff now seeks to conduct discovery. The Plaintiff seeks to take the deposition of Beth Watts, the human resources employee at the Pella Corporation facilities in Murray, Kentucky, in charge of employees' disability claims.

**STANDARD**

In *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 114 (1989), the Supreme Court held that ERISA cases must be reviewed under a *de novo* standard, unless the plan administrator or fiduciary has discretionary authority to determine eligibility for benefits or to construe the plan's terms as expressly given under the benefit plan. *See Perry v. Simplicity Engineering, a Div. of Lukens General Industries, Inc.*, 900 F.2d 963, 965 (6th Cir. 1990). In *Perry*, the Sixth Circuit elaborated on the standard, stating

> de novo, that is without deference to the decision or any presumption of correctness, [is] based on the record before the administrator. Thus, *Burch* does not require

> district courts to hear and consider evidence not presented to the plan administrator in connection with a claim. This view is consistent with the proper judicial role in ERISA cases and precedent.

*Id.* at 966. In fact, the Court goes on to make clear, that not only is the district court not required to hear and consider evidence not presented to the plan administrator, it should not do so. *Id.* (Explaining, "[i]n the ERISA context, the role of the reviewing federal court is to determine whether the administrator or fiduciary made a correct decision, applying a de novo standard. Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits.")

> A district court may, however, consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).

## DISCUSSION

Under the *Burch-Perry* standard, the Court is unable to consider evidence outside the administrative record unless it concerns a procedural issue. It appears from the Plaintiff's Motion, the Plaintiff requests to depose Watts in order to develop the evidence concerning the Plaintiff's allegation that she was advised to re-file her claim which was later denied as untimely. This is a procedural issue. As such, the Plaintiff should be able to conduct discovery limited to this issue. The Plaintiff filed no reply and the Court assumes there is no objection Defendant's Response requesting a limitation of the deposition scope. Even if there were an objection, it seems reasonable

to the Court to so limit the scope of the deposition of Watts.

## CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that the Plaintiff's Motion to Conduct Discovery is GRANTED. The Plaintiff may conduct a deposition of Beth Watts limited to the procedural issue of whether Watts encouraged Plaintiff to withdraw and re-file her disability benefits claim.